# In the United States Court of Federal Claims

Nos. 25-1101, 25-1189, 25-1276, 25-1277, 25-1278, 25-1333, 25-1425, 25-1426, 25-1427, 25-1475, 25-1496, 25-1538, 25-1636, 25-1640, 25-1789, 25-2015

(Filed:  20 February 2026)

***************************************
\* 
EVCON-CWC JV, LLC, *et al.*,            \*
                                         \*
           Plaintiffs,          \*
                                         \*    Nos.    25-1101, 25-1189, 25-1276,
v.                                      \*                 25-1277, 25-1278, 25-1333,
                                         \*                 25-1425, 25-1426, 25-1427,
                                         \*                 25-1475, 25-1496, 25-1538,
                                         \*                 25-1636, 25-1640, 25-1789,
THE UNITED STATES,                  \*                 25-2015
                                         \*
            Defendant.           \*
                                         \*
***************************************

## **ORDER**

        On 18 December 2025, the Court issued an opinion in *Brasfield & Gorrie, LLC v. United States*, No. 25-1140, enjoining the Army Corps of Engineers from including a project labor agreement ("PLA") requirement in solicitation WSLP-114 and ordering it to remove the PLA requirement from the solicitation.  *See* 18 December 2025 Opinion and Order, *Brasfield & Gorrie*, No. 25-1140, ECF No. 32.  Since then, the consolidated parties in *EVCON* have submitted joint status reports ("JSRs") noting various agencies' reconsideration of including PLA requirements in solicitations in view of the Court's 18 December 2025 Opinion in *Brasfield & Gorrie*.  *See, e.g.*, 22 December 2025 JSR, ECF No. 27; 7 January 2026 JSR, ECF No. 28; 21 January 2026 JSR, ECF No. 29.

        After reconsideration, some agencies removed the PLA requirements in their contested solicitations.  As a result, plaintiffs protesting the PLA requirements in those solicitations voluntarily dismissed their cases.  As of 20 February 2026, those cases include:
- *Trade West Construction, Inc. v. United States*, No. 25-1475;
- *S.E.A. Construction, LLC v. United States*, No. 25-1496;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1425;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1427;
- *Flatiron Dragados Constructors, Inc. v. United States*, No. 25-1333;
- *Orion Marine Construction, Inc. v. United States*, No. 25-1640;
- *HSGS-Ameresco, LLC v. United States*, No. 25-1789;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1426;
- *Wendler v. United States*, No. 25-2015; and
- *Hensel Phelps Construction Co. v. United States*, No. 25-1276.

*See generally* Notices of Voluntary Dismissals, *EVCON*, No. 25-1101, ECF Nos. 30–38; Notice of Voluntary Dismissal, *Trade West*, No. 25-1475, ECF No. 15; Notice of Voluntary Dismissal, *S.E.A. Construction*, No. 25-1496, ECF No. 14.  The Court notes four of the voluntarily dismissed cases have pending motions which require resolution before the case may be terminated.  *See, e.g.*, Motion to Seal Complaint and Motion for Protective Order, *S.E.A. Construction*, No. 25-1496, ECF No. 3; Motion to Seal Complaint, *Hensel Phelps*, No. 25-1425, ECF No. 4; Motion for Protective Order, *Hensel Phelps*, No. 25-1425, ECF No. 5.

Plaintiffs state the complaints in eight member cases contain confidential and/or proprietary information.  For good cause shown, the Court **GRANTS** plaintiff's Motion to Seal Complaint in the following member cases:

- Motion to Seal Complaint, *Trade West Construction, Inc.*, No. 25-1475, ECF No. 5;
- Motion to Seal Complaint, *S.E.A. Construction, LLC*, No. 25-1496, ECF No. 3;
- Motion to Seal Complaint, *Hensel Phelps Construction Co.*, No. 25-1425, ECF No. 5;
- Motion to Seal Complaint, *Hensel Phelps Construction Co.*, No. 25-1426, ECF No. 5;
- Motion to Seal Complaint*, Hensel Phelps Construction Co.*, No. 25-1427, ECF No. 5*;*
- Motion to Seal Complaint, *Hensel Phelps Construction Co.*, No. 25-1189, ECF No. 4;
- Motion to Seal Complaint, *Hensel Phelps Construction Co.*, No. 25-1276, ECF No. 4; and
- Motion to Seal Complaint, *Hensel Phelps Construction Co.*, No. 25-1277, ECF No. 4.

Plaintiffs also request a protective order in the same eight member cases.  Under Appendix C of the Rules of the Court of Federal Claims, paragraph 17, "[t]he court may issue a protective order at its discretion."  RCFC at App'x C ¶ 17.  Previously, the Court issued a protective order in *Cianbro Constructors, LLC v. United States*, No. 25-1034, which stated "the Protective Order in case No. 25-1034 will apply to all consolidated cases, including 25-1035 and 25-1101."  2 July 2025, *Cianbro Constructors*, No. 25-1034, ECF No. 18.  The consolidated cases were then reconsolidated under *EVCON*, No. 25-1101, as *Cianbro* was voluntarily dismissed.  *See* 2 July 2025 Order Consolidating Cases, *EVCON*, ECF No. 8; Notice of Voluntary Dismissal, *Cianbro*, No. 25-1034, ECF No. 26; 27 August 2025 Order De-Consolidating Cases, *Cianbro*, No. 25-1034, ECF No. 27.  Then, based on the parties' joint request in *Brasfield & Gorrie*, the Court admitted all private counsel in *Cianbro* and *EVCON* to the protective order in *Brasfield & Gorrie*, No. 25-1140.  *See* 27 August 2025 Order, *Brasfield & Gorrie*, ECF No. 12.  Counsel for *Hensel Phelps*, based on consent of all parties, also applied to be admitted to the *Brasfield & Gorrie* protective order for the purposes of attending the oral argument in *Brasfield & Gorrie*.  *See* Application for Access to Protected Material, *Brasfield & Gorrie*, ECF No. 26.

Considering the Protective Order in *Cianbro* was intended to cover the protected material in all consolidated cases, the Court **GRANTS** plaintiff's Motions for Protective Order in the following member cases[1]:
- Motion for Protective Order, *Trade West Construction, Inc.*, No. 25-1475, ECF No. 6;
- Motion for Protective Order, *S.E.A. Construction, LLC*, No. 25-1496, ECF No. 3;

---

[1] Insofar as plaintiff in a member case does not choose to voluntarily dismiss and the parties request a protective order limited to the material in the specific member case (instead of a protective order for all consolidated protests), plaintiff in the member case may move for an amended protective order.

- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1425, ECF No. 6;
- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1426, ECF No. 6;
- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1427, ECF No. 6;
- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1189, ECF No. 5;
- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1276, ECF No. 5; and
- Motion for Protective Order, *Hensel Phelps Construction Co.*, No. 25-1277, ECF No. 5.

With pending motions resolved, the Clerk is **DIRECTED** to terminate member cases wherein plaintiff filed a Notice of Voluntary Dismissal, including:
- *Trade West Construction, Inc. v. United States*, No. 25-1475;
- *S.E.A. Construction, LLC v. United States*, No. 25-1496;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1425;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1427;
- *Flatiron Dragados Constructors, Inc. v. United States*, No. 25-1333;
- *Orion Marine Construction, Inc. v. United States*, No. 25-1640;
- *HSGS-Ameresco, LLC v. United States*, No. 25-1789;
- *Hensel Phelps Construction Co. v. United States*, No. 25-1426;
- *Wendler v. United States*, No. 25-2015; and
- *Hensel Phelps Construction Co. v. United States*, No. 25-1276.

    IT IS SO ORDERED.

                                                  s/ Ryan T. Holte
                                                  RYAN T. HOLTE
                                                  Judge